NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-0039-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| MYKEL OLSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, MYKEL OLSON, who is scheduled to be sentenced on September 14, 2006.  For the reasons provided below, the government concurs with the recommendations

made by the final presentence report ("PSR"), except to the extent that it recommends a two-level enhancement for possession of a stolen firearm, and, pursuant to the 11(c)(1)(B) plea agreement, recommends a sentence within the sentencing range of 24-30 months.[1]

I.     BACKGROUND

On July 5, 2006, the defendant pled guilty to the following two counts of the Indictment: one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2); and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). The defendant also admitted to Count 3 of the Indictment, criminal forfeiture, in accordance with 18 U.S.C. § 922(d)(1).

During his plea colloquy, Mr. Olson, who was subject to a domestic violence protective order at the time of this incident and who had previously been convicted of a misdemeanor crime of domestic violence, admitted that in August of 2005 he possessed a firearm. The firearm had been transported in interstate commerce.

---

[1] Mr. Olson's father owned the firearm at issue here. This is not the typical situation in which this two-level enhancement is applied. The government is not prepared to advance the argument that Mr. Olson stole the gun from his dad.

II.    SENTENCING CALCULATION

    A.    Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Counts 1 and 2 of the Indictment is ten (10) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment.

    B.    Sentencing Guidelines Calculation

As noted in the PSR, the United States did not have any objections to the PSR and the defendant's objections have been addressed. The guideline imprisonment range should be 24-30 months.

III.    GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence at the high-end of the Sentencing Guidelines, or 30 months.

Mr. Olson shot at the vehicle in which Ms. Rudolph, the subject of the domestic violence restraining order and the victim of his domestic violence conviction, was riding as a passenger. Mr. Olson was following the car, a violation of the protective order. Regardless as to whether he was acting in self-defense, Mr. Olson was violating the law simply to be in that situation at all. Mr. Olson shot the driver the vehicle. The driver was forced to go to the hospital for treatment. Considering the totality of the circumstances, a more potentially fatal

scenario is difficult to imagine. Mr. Olson was prohibited from possessing firearms precisely to prevent this type of situation from occurring.

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence at the high-end of the sentencing range of 24-30 months is appropriate. Earlier prohibitions from both his state court conviction and the protective order have yet to deter Mr. Olson from possessing firearms. In addition, a sentence of 30 months would help protect the Ms. Rudolph from further acts of violence of the defendant. Ultimately, a sentence at the high end of the sentencing range would best recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **30 months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(3)   **A three (3) year period of supervised release,** and

(4)   **A special assessment in the amount of $200.00** is, of course, required.

RESPECTFULLY SUBMITTED this <u>8th</u> day of September, 2006 at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

<u>s/ David A. Nesbett</u>
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2006,
a copy of the foregoing Government's Sentencing
Memorandum was served electronically on M.J. Hayden.

<u>s/ David A. Nesbett</u>